MAHALA ADAMS ET AL, RESPONDENTS, *v.* MAHALA WILSON ET AL, APPELLANTS.

STIPULATION—DECREE THEREIN.—By the terms of a will the estate of the testator was bequeathed to the appellant W. during her life, to be divided at her death among twelve persons, eleven of them respondents in the suit. The respondents having brought suit to restrain W. from disposing of the property and for other relief, for adjustment and settlement of the same, a stipulation was entered into and filed in the suit between W. and six of such respondents, providing for a settlement of the estate and a final distribution of the deceased's property among all the legatees. Subsequently, and before any proceedings were had on the stipulation, W. and the remaining legatee, who was a co-defendant in the suit, filed a motion to strike the stipulation from the files, and withdrawing W.'s assent from such stipulation: *Held*, that the court had no authority to decree a performance of the agreement contained in such stipulation between the parties thereto; that such a decree to be authorized must determine all the rights of all the parties in the controversy.

APPEAL from Umatilla County.

This suit was brought by the respondents, eleven in number, against Mahala Wilson and F. M. Wilson, the appellants. The respondents, and the appellant F. M. Wilson, are the children of the appellant Mahala Wilson and of John Wilson, deceased. John Wilson left a will, in which he bequeathed all his property, real and personal, to Mahala Wilson, during her life, and to her children equally upon her death (excepting one tract of land). The suit was brought to restrain Mahala Wilson and her agents from disposing of such property, for an account of the same, and for the appointment of a receiver to take charge of it.

For the purpose of adjusting the difference between the parties and settling such suit, a stipulation was, on the twenty-second of April, 1876, entered into between six of the respondents upon the one part and Mahala Wilson upon

the other, providing for a complete settlement and distribution of the entire estate among all the parties to the suit. This stipulation was filed in the case on the twenty-eighth of April, 1877.

On the second of May following, Mahala and the appellant Francis W. filed motions to strike the stipulation from the files, and withdrawing, in the motion of Mahala, her assent to the stipulation.

On the twenty-ninth of October, 1877, the circuit court rendered a decree based on the stipulation, which in effect decreed a performance of the agreement contained in the stipulation between the parties signing it, and left the suit undetermined as to the remaining parties.

*Lucian Evarts and W. W. Thayer,* for appellants.

*Sterns and Lichtenthaler,* for respondents.

By the Court, SHATTUCK, J.:

The objections to the decree in this case are well taken. There are thirteen parties to the suit, and each has a pecuniary interest in the property in controversy. The property is the estate of John Wilson, deceased, held by the widow and defendant Mahala Wilson as devisee and tenant for life, under the will of deceased, solemnly executed and duly proven. The decree is not made upon the issues formed by the pleading and established by the proofs, but is based upon a stipulation or agreement of five of the parties, four of the plaintiffs and the defendant Mahala Wilson.

True, the decree does not attempt to enforce the stipulation, except as between these five parties, but it appears from the record that before the stipulation was filed Mahala revoked, as far as she could, her agreement set forth in the stipulation, on the ground of alleged mistake in its recitals, and because eight of the parties in the suit had neglected or refused to sign it.

The manifest intent of the stipulation, and the legal effect of its provisions are to alter the provisions of the will in respect to the use and disposal of real as well as personal estate, and to accelerate the performance of acts required

by the will to be done only at the death of Mahala Wilson. The common and joint interest of the parties to the suit in the property renders the accomplishment of such an intention and effect legally impossible, without the consent of all parties concerned. No division or withdrawal of the property for the benefit of any could be rightly had without the assent of all. No one party could equitably have a decree on the stipulation, unless the court were empowered at the same time to provide for each of the other parties interested in the property. But in rendering this decree in favor of four of the plaintiffs, they could not decree upon the stipulation in regard to the other eight children and heirs, because they had not assented to it, and were not bound by it. It could not decree for the eight under the will, according to the allegations of the complaint, because their rights in that regard were contested and put in issue, and the issues were not tried. Furthermore, the interference with and premature division of the property disposed of by the will, which would result from this decree, necessarily render the execution of the will according to its terms impossible, and nothing but the unequivocal assent of all parties interested can justify such an exercise of power by the court.

But if the stipulation had been duly signed by all the parties, this decree in its present form would be objectionable, even though it had provided for the remaining eight children, as it undertook to provide for the four; because it does not specifically decree in favor of the defendant, Mahala Wilson, as the stipulation had provided. According to the stipulation, she was to retain property, have certain rights and advantages in the estate of the deceased, as to which this decree is silent.

A decree in equity should determine all the rights of all the parties in the controversy, and should dispose of all the subject-matter of the suit. The decree now before us failing to do this and being objectionable in the particulars above referred to, should be reversed. There being no testimony in the case, this court cannot render any decree except one on the pleadings, and it appearing from the record that the

amount and condition of the property have changed since the commencement of the suit, and that supplemental pleadings will be necessary to a fair and full determination of the rights of the parties, we are of the opinion that the rights and interests of all concerned will be subserved by a dismissal of this suit without prejudice.

An order will, therefore, be entered reversing the decree below and remanding the cause to the court below with instructions to dismiss the complaint without prejudice.